# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**KELVIN BOWMAN,**

    **Plaintiff,**

vs.                                                              Case No. 5:03cv177-MMP/WCS

**LIEUTENANT T. COPELAND,**
**SERGEANT C. MCKENZIE,**
**OFFICER L. MCDONALD,**
**and OFFICER M. SPEIGHTS,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION[1]

Defendants filed a special report, doc. 27, which was subsequently construed as a motion for summary judgment. Doc. 31. After being directed to do so, doc. 28, Defendants also filed a supplement to the special report in which they clarify the withdrawal of two of their previously asserted defenses (that Plaintiff failed to satisfy conditions precedent prior to filing this action and that Plaintiff failed to exhaust administrative remedies). Doc. 30. Plaintiff was then directed to file a response to the summary judgment motion, doc. 31, and provided an opportunity to conduct limited

---

[1] The first report and recommendation, doc. 33, concerned Plaintiff's motion to amend the complaint. The report and recommendation was adopted and the motion was denied. Doc. 38.

discovery prior to responding. Plaintiff has now filed his response to Defendants motion for summary judgment, doc. 81, supplemented by Plaintiff's affidavit. Doc. 82.

Additionally, Plaintiff filed his own motion for summary judgment. Doc. 85. That document is supported by "Plaintiff's affidavit in support of his motion for summary judgment," doc. 86, which is further supported by several exhibits. Plaintiff filed a separate statement of undisputed facts, doc. 87, and, simultaneously, filed a "statement of disputed factual issues" which Plaintiff asserts will require denial of Defendants' motion. Doc. 88. Defendants were afforded the opportunity to submit additional materials as deemed necessary, doc. 89, but Defendants have apparently elected to stand on the documents and materials previously filed with their own summary judgment motion.

**Allegations of the amended complaint, doc. 5**

Plaintiff alleged that while housed at Washington Correctional Institution in December of 2002, he was subjected to excessive and unnecessary force by Defendants Copeland, McDonald, and McKenzie in violation of the Eighth Amendment, and that their actions were observed by Defendant Speightl who did nothing to stop the assault. Plaintiff also alleged a conspiracy to cover up the assault, and acts of retaliation against Plaintiff due to his use of the prison grievance process in violation of the First Amendment.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment, Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d

265 (1986).  If accomplished, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial.  *Id.*  An issue of fact is "material" if it could affect the outcome of the case.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004)(citations omitted).  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986).  All reasonable inferences are resolved in the light most favorable to the nonmoving party.  Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

Case No. 5:03cv177-MMP/WCS

Additionally, local rules require that a motion for summary judgment be accompanied by a separate statement of facts.[2] N.D. Fla. Loc. R. 56.1. That rule provides:

> Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 [or Fed. R. Civ. P. 12(b)(6) which requires reference to matters outside the pleading] shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.
>
> The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source.
>
> The party opposing the motion shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party.

N.D. Fla. Loc. R. 56.1(A).

**C.   Evidence**

Defendants' special report, construed as a summary judgment motion, consists of a very brief five-page document which presents a list of attached exhibits, a list of defenses without any explanation, and a section entitled, "statement of material facts" which is comprised of seven paragraphs. Doc. 27. The statement of facts essentially

---

[2] Two service orders were entered in this case directing the filing of a special report. Docs. 8, 14. Those orders, as well as a third supplement order, doc. 20, explained that the special report is the standard process used in prisoner cases of this type and must "be in compliance with Local Rule 56.1" as it may be deemed a motion for summary judgment.

Case No. 5:03cv177-MMP/WCS

relates Plaintiff's version of the event at issue and then briefly advises that the "Inspector General's Office conducted a complete investigation of this incident and did not find any evidence of wrongdoing." *Id.*, at 4. The statement includes an assertion that "the officers allegedly involved deny ever striking or touching Inmate Bowman in any manner, nor did any of them witness anyone else strike Inmate Bowman." *Id.* Defendants conclude that Plaintiff's "claims lack any basis in fact and are completely frivolous." *Id.*

Attached to the summary judgment motion are several affidavits. Defendant McDonald testified that he "never struck" Plaintiff with his "hand, fist or weapon" and never witnessed Plaintiff "being struck by another correctional officer . . . ." Doc. 27, ex. B. The affidavits submitted by Defendant McKenzie, ex. C, Defendant Speights, ex. D, and Defendant Copeland, ex. E, are identical. Nurse Lewis, who treated Plaintiff after he claimed he was assaulted, also submitted an affidavit in which she states her conclusion that the red areas observed on Plaintiff's chest and abdomen were "self-inflicted friction rubs" and were not caused "by blunt trauma." Ex. F.

One last piece of evidence submitted by Defendants is *part* of the Inspector General's investigation.[3] Doc. 27, ex. G. Defendants' state in the "statement of material facts" section of the summary judgment motion that the "Inspector general's Office conducted a complete investigation of this incident and did not find any evidence of wrongdoing." Doc. 27, p. 4. More precisely, the disposition of the investigation as

---

[3] The entire report should have been provided as required by the service orders. Docs. 14 and 20, p. 3.

stated on the "case summary" for the Investigation is that it was "downgrade[d]" as "all investigative leads [were] exhausted." Doc. 27, ex. G.

Plaintiff submitted an affidavit in opposition to Defendants' motion for summary judgment in which he relates his version of the facts of this case. Doc. 82. Plaintiff states that on December 2, 2002, while incarcerated at Washington Correctional Institution, he was sitting on the toilet and had a "blanket partially draped down over the bottom bunk where [Plaintiff's] cell mate Joe Smith laid." *Id.* Defendant Copeland directed Plaintiff to take down the blanket, to which Plaintiff responded that he would as soon as he finished using the toilet. *Id.* A few minutes later, Defendant Copeland returned and again told Plaintiff to take the blanket down and, once again, Plaintiff said that he would do so after finishing on the toilet as he did not want to "disrespect" his cell mate. *Id.* Defendant Copeland responded that this was not "one of those camps down South where you tell an officer to get out [of] your face or to get away from your cell." *Id.* Defendant Copeland continued, "This is North Florida we know how to deal with you here . . . ." *Id.*

Following that encounter, three more officers approached Plaintiff's cell, Defendant McDonald, McKenzie, then Speightl. *Id.* Later that day, Defendants McDonald and Speightl came to the cell door and told the two inmates (Plaintiff and his cell mate) to get "cuffed up" at the food flap. *Id.* After complying, Plaintiff was taken to the upstair shower by Defendants McDonald and Speightl and his cell mate was taken by Defendants McKenzie and Copeland to another shower. *Id.* Plaintiff's cell mate, Joe Smith, was taken back to the cell by Defendant McKenzie. *Id.* Defendants McDonald and Speightl came for Plaintiff and Plaintiff told them that they were "bothering" him for

Case No. 5:03cv177-MMP/WCS

nothing and Plaintiff would "punish [them] with a pen and paper." *Id.*  Plaintiff started towards his cell but was grabbed by Defendants McDonald and Speightl who told Plaintiff to come with them.  *Id.*  Plaintiff was taken into the officers station[4] when they were joined by Defendant Copeland.  *Id.*  Defendant Copeland told Plaintiff that this was not one of those camps where inmates can tell an officer to get out of their face.  *Id.*  Defendant Copeland then slapped Plaintiff in the face several times and grabbed Plaintiff's throat and said, "Do you understand me?"  *Id.*  Defendant Copeland told Plaintiff that he did not have any rights in prison; that he left them outside the prison gates, and then began to punch Plaintiff in the chest numerous times with his clenched fist.  *Id.*  Defendant McDonald then began punching Plaintiff for not answering Defendant Copeland and said, "Oh, you are going to answer Lieutenant Copeland when he is speaking to you."  *Id.*  After Defendant McDonald punched Plaintiff several times in his stomach and abdomen, then Defendant McKenzie took a turn punching Plaintiff.  *Id.*  Plaintiff contends they lifted his shirt to admire "their handiwork" on his body from the blows.  *Id.*  Plaintiff states that Defendant Speightl was present during this time.  *Id.*  When Plaintiff began having difficulty breathing, Defendant Copeland said that he would not feel sorry for Plaintiff and told him that he "could have avoided this" if Plaintiff had only taken the blanket down.  *Id.*  Defendants McDonald and Speightl then took Plaintiff back to his cell.  *Id.*

   As soon as the officers left the cell, Plaintiff lifted his shirt and showed his cell mate what they did to him.  *Id.*  Plaintiff contends his cell mate saw the marks on his

---

[4] At later points in the affidavit, Plaintiff indicates that this encounter took place in the nurses station.

body. *Id.* A few minutes later, another inmate (Ronald Mays) called over to Plaintiff's cell and said that he could "see into the nurse's station from [his] cell" and say the officers beating up Plaintiff. *Id.*

Approximately one hour later Plaintiff declared a "medical emergency to Nurse Vicky Lewis" as she was making rounds. *Id.* Plaintiff states that he did not rub himself or cause any injury to himself, and that his cell mate did not do so either. *Id.* Plaintiff lifted his shirt to show her the bruises and welts on his body. *Id.* Plaintiff states that Nurse Lewis did not examine him, but said "Oh, that's only friction rubs and started to walk away from [Plaintiff's] cell." *Id.* Plaintiff replied, "No, they are not, the officers did this to me, they beat me up!" *Id.* When Plaintiff was finally taken to the nurses station for an examination, Plaintiff contends that the nurse "intentionally falsified" the record of the examination and failed to take photographs of his injuries. *Id.* Plaintiff states that he suffered serious injury including difficulty breathing, chest pain, and severe pain. *Id.* Plaintiff further asserts that the Defendants conspired with each other to cover up their actions and, in conjunction with other Department of Corrections' personnel, failed to conduct a proper investigation and failed to question Plaintiff's two witnesses. *Id.*

D.   **Analysis**

Defendants' motion for summary judgment is insufficient on its face as explained above. Nevertheless, the motion should be denied because Plaintiff has demonstrated through his affidavit that there is a genuine dispute of material fact.

A claim that excessive and unnecessary force was used by correctional officers is founded upon the Eighth Amendment and requires a showing of "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084,

89 L.Ed.2d 251 (1986).  Relevant to the inquiry will be "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted."  *Id.* at 320.  Plaintiff's version of the facts, which must be assumed to be true, reveals that there was no need for force at the time Plaintiff was allegedly beaten.  Any use of force in this situation violates the Eighth Amendment.  Plaintiff's evidence creates a genuine dispute of material fact such that the motion for summary judgment must be denied.

Ort v. White, 813 F.2d 318 (11th Cir. 1987) ruled that a "use of force in retaliation for a provocative act by an inmate occurring some time earlier is 'more likely to be not an effort to restore order but instead either a motive for 'maliciously' striking the [inmate] 'for the purpose of causing harm' or else summary, informal, unofficial and unsanctioned corporal punishment.' "  813 F.2d at 324, *quoting* Dailey v. Byrnes, 605 F.2d 858, 861 (5th Cir. 1979).  Such an act is unconstitutional and is an actionable Eighth Amendment violation.  That precedent was set many years prior to these events and, thus, qualified immunity does not protect Defendants.

It is unnecessary to belabor the issue of Plaintiff's own motion for summary judgment.  Doc. 85.  There is a genuine dispute of material fact between the parties which precludes summary judgment whether on Plaintiff's motion or Defendants' motion.  Thus, it is recommended that both motions for summary judgment be denied.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion for summary judgment, doc. 27, be **DENIED,** that Plaintiff's motion for summary

Case No. 5:03cv177-MMP/WCS

judgment, doc. 85, be **DENIED**, and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2005.


s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**