**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**KELVIN BOWMAN,**

      **Plaintiff,**

**vs.**                                      **Case No. 5:03cv177-MMP/WCS**

**LIEUTENANT T. COPELAND,**
**SERGEANT C. MCKENZIE,**
**OFFICER L. MCDONALD,**
**and OFFICER M. SPEIGHTL,**

      **Defendants.**

_____/

## O R D E R

Defendants' motion for summary judgment, doc. 32, and Plaintiff's cross motion for summary judgment, doc. 85, were denied.  Docs. 93, 98.  The issue of which attorney is representing Defendants has now been settled.  *See* docs. 100, 101.

Defendants were directed to file a response to Plaintiff's motion, doc. 99, for leave to conduct discovery prior to this case going to trial.  Doc. 100.  Defendants' response objects on the basis that discovery is unnecessary because the special report was filed, but there is no indication from either Defendants or Plaintiff that the discovery sought at this time was covered in the special report.  Additionally, Defendants object

because the discovery is not addressed to a specific Defendant, but to all Defendants and is "boiler-plate."  Defendants contend that "Plaintiff should be required to match his specific discovery requests with specific Defendants."  Doc. 102.  Defendants "reserve the right to serve specific objections to specific requests" should Plaintiff be permitted to proceed with his discovery.  *Id.*

Plaintiff will be required to re-draft his interrogatories and make his request to a specific Defendant.  It is possible that Plaintiff seeks general answers from each Defendant, but it also appears that Plaintiff seeks specific answers that are, presumably, within the knowledge of a particular Defendant.  Plaintiff must direct the Interrogatories to specific named Defendants.  As for the request for production of documents, the request may be responded to by any Defendant.  Once a document is produced, it is produced and it does not matter which Defendant does so.

Therefore, Defendants shall respond to the request for production as permitted by the Federal Rules of Civil Procedure.  Plaintiff shall re-file his request for Interrogatories and simultaneously demonstrate why the discovery is needed, the relevance of each request, and explain how it differs from materials previously covered in the special report process.

Accordingly, it is

**ORDERED:**

1.  Ruling on Plaintiff's motion for leave to conduct discovery, doc. 99, is **GRANTED in part and DENIED in part**.

2.  Defendants shall have until **March 23, 2006**, in which to respond to the request for production.  Defendants shall simultaneously file a notice to the Court indicating the manner in which a response to this discovery is provided.

3.  Plaintiff shall have until **March 23, 2006**, in which to re-file his request for discovery as it concerns the Interrogatories as explained above.

4.  The Clerk of Court shall return this file to the undersigned no later than March 23, 2006.

**DONE AND ORDERED** on February 23, 2006.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**